UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN F. SPECK, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 09 CV 3834 |
| v. ) | |
| ) | Judge John W. Darrah |
| MARTHA BROWN and ) | |
| SARAH SPECK, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, John F. Speck Jr. ("Speck"), an individual, brought suit against Defendants, Martha Brown and Sarah Speck, individuals. The suit stems from transactions related to a trust. Plaintiff filed a Complaint on June 25, 2009, seeking an accounting of the Trust. On January 11, 2010 Plaintiff filed an Amended Complaint. On May 14, 2010 Plaintiff filed his Second Amended Complaint, which is now before the Court. Plaintiff's Second Amended Complaint, seeks an accounting (Count I), alleges a breach of fiduciary duty (Count II), alleges fraud (Count III) and alleges conversion (Count IV). Plaintiff also seeks attorney's fees. Defendants have moved to dismiss all claims against the individual Defendants.

### BACKGROUND

The following is derived from Plaintiff's Second Amended Complaint. All statements are considered to be true for the purposes of this motion. Plaintiff Speck is a beneficiary to the John Speck Trust ("the Trust"), the trust of his late father, John Speck, Sr. Defendants, who are the co-trustees of the Trust, are also the daughters of the late John Speck, Sr. As a beneficiary of the Trust, Plaintiff seeks an accounting of the Trust for all transactions since August 2004.

Plaintiff seeks said accounting due to possible improper payments being made from the Trust account by the Defendants. A year after the death of John Speck, Sr. (the year of which is unclear from the pleadings), three $25,000.00 transactions were made by

the Trust and labeled "Estate Expenses." Those payments were instead made to the husbands of the Defendants, Sarah Speck's child and other family members not beneficiaries to the Trust. Additionally, over $15,000.00 was spent on "Funeral Expenses" six months after the death of John Speck, Sr. Finally, the "former family home," presumably of John Speck, Sr. (as the pleadings do not specify), was sold for far less than market value, and the proceeds of this sale were not transferred into the Trust. Rather, the Defendants (again, how is not specific) personally benefited from the sale of a Trust asset.

## LEGAL STANDARD

In ruling on a motion to dismiss, the Court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. *Sprint Spectrum L.P. v. City of Carmel, Ind.*, 361 F.3d 998, 1001 (7th Cir. 2004). Federal Rule of Civil Procedure 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint need only provide a defendant with proper notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007) (*Twombly*). Additionally, those set of facts must "raise a reasonable expectation that discovery will reveal evidence" of illegality. *Id.* at 556. Finally, "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal quotations omitted).

## ANALYSIS

### *Accounting*

Plaintiff alleges that, as a beneficiary, he is due a yearly accounting from the Trust under Illinois law. Defendants, in their motion, state that Plaintiff was provided with an accounting when it was requested in Plaintiff's initial Complaint. In fact, in Paragraph 10 of Plaintiff's Second Amended Complaint, Plaintiff acknowledges the receipt of that accounting. While Plaintiff goes on to state that the provided accounting was a preliminary accounting, he fails to plead that the previously provided accounting was in any way deficient.

2

Illinois law provides that trustees shall produce a yearly accounting to the beneficiaries. *See* 760 ICLS 5/11. As such, Defendants must provide Plaintiff with a yearly accounting. Because Plaintiff concedes that he has been provided with an accounting, he admits that the Defendants have met the Plaintiff's request for an accounting. Therefore, as Plaintiff has failed to show that he is entitled to relief, Count I of Plaintiff's Second Amended Complaint is dismissed.

*Breach of Fiduciary Duty*

Plaintiff next contends that on numerous occasions, Defendants have breached their fiduciary duty to Plaintiff as beneficiary of the Trust. Specifically, Plaintiff alleges the following as breaches of Defendants' duties: failing to provide an accounting of the Trust; concealing the three $25,000.00 payments recorded as "Estate Expenses"; providing Plaintiff with false, misleading or incomplete information regarding the Trust; withholding information, specifically regarding a default judgment entered against John Speck, Sr. satisfied by the Trust; making wasteful expenditures using funds of the Trust; and failing to distribute the proceeds of the home of John Speck, Sr.

Defendants argue that allegations of fraud must be pled with particularity. Further, Defendants assert that even if Plaintiff's allegations in Count II of the Second Amended Complaint are plausible, that alone is not dispositive that the allegations have been adequately pled.

Rule 9(b) of the Federal Rules of Civil Procedure states that, "[i]n allegations of fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Particularity in these circumstances has been defined as "the who, what, when, where or how" of the alleged fraudulent conduct. *In re Healthcare Compare Corp. Securities Lit.*, 75 F.3d 276, 281 (7th Cir. 1996). Torts that find their basis in fraud must also be pled with particularity. *See Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007). The breach of fiduciary duty is a claim that sounds in fraud, and, as such, it must be pled with particularity. *See id.* at 508–09. Thus, in order to survive Defendants' Motion to Dismiss, Plaintiff must allege the who, what, when, where or how, not that each breach of fiduciary duty was simply possible; Plaintiff has failed to do so. Plaintiff's Second Amended Complaint leaves much to be desired in terms of how the fiduciary duty was breached or when. For example, regarding the sale

of the John Speck, Sr.'s house, Plaintiff fails to state if this was a property owned by the Trust or how the Defendants allegedly sold the house without the funds being deposited in the Trust. In sum, Plaintiff has failed to plead any breach of fiduciary duty with the requisite particularity; and, therefore, Count II of Plaintiff's Second Amended Complaint is dismissed.

*Fraud*

Similar to Count II, Count III is also lacking in specifics. Plaintiff next alleges that Defendants "assured Plaintiff that they were, indeed, discharging their duties as trustees in a proper and forthright matter [sic]." *Second Amended Complaint* ¶13. This is Plaintiff's only allegation of a false statement. After this allegation, Plaintiff continues with a recitation of the rest of the elements of claim for fraud without citing any specifics or details of the case or allegation. Defendants again respond that allegations of fraud must be pled with particularity and that Plaintiff has failed to do so.

As in Count II, the allegation of fraud lacks the particularity required under Federal Rule of Civil Procedure 9(b). Allegations of fraud must be pled with particularity, as discussed above. While the Plaintiff has pled the elements of the cause of action, he has failed to do so with particularity. Rather, Plaintiff has pled a formulaic recitation of the elements, which the Supreme Court rejected. *See Twombly*, 550 U.S. at 555. Therefore, Plaintiff has failed to meet this higher pleading standard, and Count III of Plaintiff's Second Amended Complaint is dismissed.

*Conversion*

Plaintiff next alleges that Defendants' actions in Count II for breach of fiduciary duty have resulted in the unauthorized deprivation of property, which has arisen to the level of conversion.

Defendants have responded that the tort of conversion has four distinct elements and that Plaintiff has failed to plead the elements of the claim. Further, Defendants contend that an action for conversion cannot be brought merely to satisfy an obligation to pay money. *See In re Thebus*, 108 Ill. 2d 255, 260 (1985).

While a claim for conversion cannot be brought merely to satisfy an obligation to pay money, there are instances where money can be the subject of a conversion claim.

4

*Id.* at 260 ("Money may be the subject of conversion, but it must be capable of being described as a specific chattel, although it is not necessary for purposes of identification that money should be specifically earmarked."). Plaintiff does allege that he is due monies from alleged conversion by Defendants. However, it is not a simple debt but rather monies due from chattel that has been converted from at least one physical object (the home of the late John Speck Sr.), which has now been reduced to currency.

Plaintiff does allege that the former family home was sold by Defendants at less than market value and that the Defendants did not share the profit with the Plaintiff or direct the profits of the sale to the Trust. *Second Amended Complaint* ¶¶ 10, 12 [sic] Count IV ¶12. However, as discussed above, Plaintiff does not allege that the home was property of the Trust or how he was entitled to a share of the profits of its sale. Rather, Plaintiff stated that "Defendants (secretly) converted funds to which Plaintiff was entitled and lavished them [sic] on themselves, their husbands, a child, a nephew, and other favored recipients whom they deemed worthy [sic]." *Amended Response to Motion to Dismiss* at 7. These allegations do not plead with the required particularity the claim of conversion, nor do they put Defendants on notice sufficiently to respond to the claim.

Federal Rule of Civil Procedure 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (citations omitted). Plaintiff has not stated any act of conversion that, if accepted on its face, is plausible. The Plaintiff has failed to identify any item of property to which he is entitled. Further, the Plaintiff has failed to show an absolute right to that property; he has not shown that he has made a demand for possession, and it is unclear from Plaintiff's pleadings if the Defendants wrongfully and without authorization assumed control or dominion over the property. Therefore, Count IV of Plaintiff's Second Amended Complaint is dismissed.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss is granted. All claims against Defendants Martha Brown and Sarah Speck are dismissed. Claim I is dismissed with prejudice. Claims II, III and IV are dismissed without prejudice. Plaintiff may file a Third Amended Complaint, if he can do so consistent with Rule11, within 30 days of the entry of this Order. The case is continued to November 2, 2010, at 9:30 a.m. for status.

Dated: 9-20-10

JOHN W. DARRAH
United States District Court Judge